## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 29 2016, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jennifer J. Pearson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 29, 2016

Court of Appeals Cause No.
05A02-1507-CR-878

Appeal from the Blackford
Superior Court

The Honorable Dean A. Young,
Judge

Trial Court Cause No.
05C01-1501-F5-26

**Barnes, Judge.**

# Case Summary

Jennifer Pearson appeals the two and one-half year sentence imposed for possession of chemical reagents or precursors with intent to manufacture a controlled substance, a Level 6 felony. We affirm.

# Issue

Pearson raises one issue, which we restate as whether her sentence is inappropriate.

# Facts

On January 20, 2015, officers from the Hartford City Police Department executed a search warrant at Pearson's residence. They discovered four blister packs of pseudoephedrine and containers of solvents, Coleman fuel, sulfuric acid, and an HCL generator. They also discovered drug paraphernalia, including hypodermic needles and a digital scale with white residue on it. Pearson advised the officers she had a container of drugs, which another individual present at the residence identified as methamphetamine, in her pocket. Pearson told officers she purchased the pseudoephedrine at Walgreens and that, "every time that she has bought a box of pseudoephedrine it was used for [her husband] to cook meth." App. p. 72. Finally, Pearson said she planned to sell the methamphetamine so she could purchase heroin.

On January 22, 2015, the State charged Pearson with: (I) aiding inducing, or causing dealing in methamphetamine, a Level 5 felony; (II) possession of methamphetamine, a Level 6 felony; (III) possession of chemical reagents or

precursors with intent to manufacture a controlled substance, a Level 6 felony; (IV) maintaining a common nuisance, a Level 6 felony; and (V) possession of paraphernalia, a Class A misdemeanor. On June 1, 2015, Pearson pled guilty to Count III, possession of chemical reagents or precursors with intent to manufacture a controlled substance, a Level 6 felony. The State dismissed the remaining charges. The length and terms of Pearson's sentence were left to the trial court's discretion. On June 22, 2015, the trial court sentenced Pearson. Citing her criminal history, the fact Pearson was on probation at the time she committed the offense, and her failure to avail herself of opportunities for rehabilitation, it ordered her to serve two and one-half years executed in the Department of Correction. Pearson now appeals.

## Analysis

[5]   Pearson argues that the maximum, executed sentence the trial court imposed is inappropriate and should be revised. Indiana Appellate Rule 7(B) allows us to revise an appellant's sentence authorized by statute if, after due consideration of the trial court's decision, we find that sentence is inappropriate in light of the nature of the offense and character of the offender. We must give the trial court's decision due consideration because we "understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). "The principal role of appellate review should be to attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). An appellant bears the burden of persuading us her

sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006)).

[6] Regarding the nature of the offense, Pearson purchased the pseudoephedrine necessary to manufacture methamphetamine and indicated she had done so previously: "every time that she has bought a box of pseudoephedrine it was used for [her husband] to cook meth." App. p. 72. This was not the first occasion on which Pearson was involved in the manufacturing of methamphetamine.

[7] Regarding her character, Pearson, who was thirty years old at the time she committed this offense, has a criminal history beginning when she was nineteen years old. She has convictions for three misdemeanors and three felonies. Pearson was on probation at the time she committed this offense, and she previously had her probation revoked. Pearson argues it is laudable that she wants to seek treatment for her substance addiction; however, that desire does not negate her participation in criminal activity that is increasingly serious or her seeming inability to avoid criminal activity when given the opportunity to serve a suspended sentence. Neither the nature of the offense nor Pearson's character compels a revision of her sentence.

## Conclusion

[8] Pearson's sentence is not inappropriate in light of the nature of the offense and her character. We affirm.

[9] Affirmed.

Robb, J., and Altice, J., concur.